UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES W LOYD,

                                Plaintiff,

          v.

CITY OF VANCOUVER, CLARK
COUNTY,

                                Defendants.

CASE NO. C14-5349 BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
OCTOBER 10, 2014

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

Defendant City of Vancouver brings a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim (Dkt. 14). Defendant also asks that plaintiff be given an opportunity to amend the complaint (Dkt. 14, p. 1). The other defendant, Clark County, has not joined in the motion to dismiss or otherwise answered the complaint. The Court recommends dismissal of the City of Vancouver for failure to state a claim. The Court agrees that plaintiff should be allowed to file an amended complaint. In the original complaint, plaintiff attempted to

1    name entities that cannot be sued in a civil rights action -- the Vancouver Police Department and

2    the Clark County Jail (Dkt. 7). The Court outlined the basic principles of municipal liability and

3    stated the proper defendants would be the city and county.  These defendants would be the

4    proper parties if custom, policy or pattern of practice of the County or City were at issue.

5    Plaintiff does not raise custom, policy or pattern of practice in his amended complaint (Dkt. 8).

6    Since the policies of the County or City are not at issue, it may be that an individual person is the

7    proper defendant. (Plaintiff must file a proposed amended complaint along with a motion to

8    amend his complaint).  *See* Local Rule 15.

9                                              FACTS

10          Plaintiff alleges that he was chased by City of Vancouver police and that the chase ended

11   with him hiding behind a bush and tree (Dkt. 8).  Plaintiff states that when an officer with a K9

12   approached and was close enough to hear him, plaintiff told the officer where he was hiding

13   (*id.*).  Plaintiff alleges that after he surrendered and when his hands were in plain sight, the

14   officer released the dog (*id.*).  Plaintiff states that the dog mauled his leg (Dkt. 8, p. 3).  Plaintiff

15   alleges that his leg was torn open and required over 30 staples and stitches.  Plaintiff also alleges

16   that he has numerous scars, tissue damage, and suffers from loss of feeling in his leg (Dkt. 8, p.

17   3).  Plaintiff makes no allegation that puts any city policy, custom, or practice at issue.

18                                     STANDARD OF REVIEW

19          *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) provides that a court should dismiss

20   a claim pursuant to Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal

21   theory or because of the absence of sufficient facts alleged under a cognizable legal theory. *See,*

22   *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

23

24

1    For purposes of ruling on this motion, material allegations in the complaint are taken as

2    admitted and the complaint is construed in plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295

3    (9th Cir. 1983). "While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss

4    does not need detailed factual allegations, plaintiff's obligation to provide the grounds of his

5    entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

6    elements of a cause of action will not do." *Twombly,* 550 U.S. 544, 545 (2007) (internal citations

7    omitted). "Factual allegations must be enough to raise a right to relief above the speculative

8    level, on the assumption that all the allegations in the complaint are true (even if doubtful in

9    fact)." *Id*. at 545. Plaintiff must allege "enough facts to state a claim to relief that is plausible on

10   its face." *Id*. at 570. The Court liberally construes a pro se pleading but cannot supply facts to a

11   complaint.  *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992).

12                                            DISCUSSION

13    The City of Vancouver is a municipality.  In order to set forth a claim against a

14   municipality under 42 U.S.C. § 1983, a plaintiff must show that defendant's employees or agents

15   acted through an official custom, pattern or policy that permits deliberate indifference to, or

16   violates, plaintiff's civil rights; or that the entity ratified the unlawful conduct.  *See Monell v.*

17   *Department of Social Services*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946

18   F.2d 630, 646-47 (9th Cir. 1991).

19    To establish municipal liability under § 1983, a plaintiff must show: (1) deprivation of a

20   constitutional right; (2) that the municipality has a policy; (3) that the policy amounts to

21   deliberate indifference to plaintiff's constitutional rights; and (4) that the policy is the moving

22   force behind the constitutional violation.  *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.

23   1992).  The Supreme Court has emphasized that the unconstitutional acts of a government agent

24

cannot, standing alone, lead to municipal liability; there is no *respondeat superior* liability under § 1983.  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 692 (1978).  A municipality may only be liable if its policies are the "'moving force [behind] the constitutional violation.'"  *City of Canton v. Harris*, 489 U.S. 378, 389 (1989), (*quoting Monell* at 694).

A municipality will not be liable for acts of negligence by employees of the jail or for an unconstitutional act by a non policy-making employee.  *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234-35 (9th Cir. 1989).  Evidence of mistakes by adequately trained personnel or the occurrence of a single incident of unconstitutional action by a non-policy-making employee is not sufficient to show the existence of an unconstitutional custom or policy.  *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989).

Plaintiff failed to make any allegation that City of Vancouver official custom, pattern or policy is at issue in this case (Dkt. 8).  Thus, plaintiff has failed to state a claim against this defendant.  Accordingly, the Court recommends granting defendant's motion to dismiss for failure to state a claim.  The action remains open as to Clark County.

Further, plaintiff should be given thirty days from the entry of the order dismissing the City to file a motion to amend his complaint and a proposed amended complaint. The facts alleged by plaintiff may give rise to a claim against individual persons. State officials sued in their personal capacity are "persons" for purposes of Section 1983. *See Hafer v. Melo,* 502 U.S. 21, 27 (1991). If plaintiff wishes to pursue a claim against individual persons that may have caused him to suffer a constitutional violation, then plaintiff must file a motion to amend along with another amended complaint.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on October 10, 2014, as noted in the caption.

Dated this 17th day of September, 2014.

J. Richard Creatura
United States Magistrate Judge